UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

August 23, 2022

**LETTER ORDER**

RE:   *Bourne v. CVS, et al.*
      DLB-22-112

Dear Plaintiff and Counsel:

Jason Bourne filed a complaint against CVS, Calista Anne Jones-Williams, and Meredith Erin Beavin, in which he alleges violations of the "Americans with Disabilities Act of 1990" and the "Civil Rights Act of 1964." ECF 2. Defendants moved to dismiss that complaint or, in the alternative, for a more definite statement of Mr. Bourne's claims. ECF 6. On February 8, 2022, this Court denied that motion and ordered Mr. Bourne to file an amended complaint by March 8, 2022. ECF 13.

On March 7, 2022, Mr. Bourne filed a "notation of pending criminal charges," ECF 14, and a separate reply to the Court's February 8 letter order, ECF 15. Mr. Bourne states that his "previous filed paperwork explains in very high detail why [he] is entitled to the relief sought." ECF 15, at 1. He also names numerous individuals as "defendants and/or their agents." *Id.* at 1–2. The defendants moved to dismiss the complaint for Mr. Bourne's failure to comply with the Court's February 8 Letter Order or, alternatively, for Mr. Bourne's failure to state a claim. ECF 16. The defendants also moved, pursuant to Federal Rule of Civil Procedure 12(f), to strike Mr. Bourne's notation, ECF 14, and reply, ECF 15, arguing they contain "immaterial, impertinent, and scandalous" matters. ECF 16. Finally, the defendants moved for attorney's fees, costs, or other sanctions. *Id.* Mr. Bourne filed a "motion to strike defendant[s'] [second] motion to dismiss." ECF 18. The defendants responded, ECF 21, and Mr. Bourne filed an additional motion to strike defendants' response, ECF 22, as well as an addendum to that filing, ECF 23. The defendants' motion is ripe for disposition. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021).

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint" and "should be granted unless the complaint 'states a plausible claim for relief.'" *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). When resolving a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded allegations as true. *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "does not

*Bourne v. CVS, et al.*
DLB-22-112
August 23, 2022
Page 2

resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, a court is "compelled to construe [pro se] pleadings liberally." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [a court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" a court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, "[w]hile [a court] construe[s] allegations in a pro se complaint liberally, a complaint still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

The Court construes Mr. Bourne's reply to its February 8 letter order, ECF 15, as his amended complaint; his motion to strike the motion to dismiss, ECF 18, as an opposition; and his motion to strike defendants' response, ECF 22, as a surreply.[1] In deciding the motion to dismiss, the Court will consider the allegations in the amended complaint and the allegations in the original complaint, ECF 2, because the amended complaint refers to his "prior paperwork." *See* Fed. R. Civ. P. 10(c). Even though Mr. Bourne did not apprise the defendants of "which specific allegations are to be deemed incorporated," the Court considers both pleadings for the sake of efficiency and to give Mr. Bourne the benefit of the doubt.[2] *See Ghazzaoui v. Anne Arundel Cnty., Md.*, No. ELH-14-1410, 2014 WL 3973037, at *4 (D. Md. Aug. 11, 2014). Additionally, even though Mr. Bourne may not amend his complaint by providing additional facts in his opposition, *Bindagraphics, Inc. v. Fox Grp., Inc.*, 377 F. Supp. 3d 565, 577 (D. Md. 2019) (citing *Adams v. Am. Fed'n of State*, 167 F. Supp. 3d 730, 736 (D. Md. 2016)), the Court nonetheless will consider, for the sake of efficiency, the additional facts asserted in his opposition when evaluating whether he has stated a claim.

Mr. Bourne generally refers to state laws, but he does not identify any specific state laws that the defendants allegedly violated. He has not alleged a cognizable state law claim.

As to federal laws, he alleges the defendants violated the Civil Rights Act of 1964. ECF 2, at 1. The Civil Rights Act protects against discrimination on the basis of race, color, religion, national origin, or sex. 42 U.S.C. §§ 1981, 2000a, 2000b, 2000c, 2000d, 2000e-2, 2000f, 2000g. Mr. Bourne alleges only that he is disabled—not that he is a member of a class protected by the Civil Rights Act. His Civil Rights Act claim is dismissed.

---

[1] For efficiency's sake, the Court accepts the surreply as filed. *See* Loc. R. 105(a)(2).

[2] In his amended complaint and opposition, he names Elisa Lanio Bogard, Wilde Ketchatang, Mary K. Osing Casciano, and Matthew Scott Staso as additional defendants. ECF 15, at 2.

*Bourne v. CVS, et al.*
DLB-22-112
August 23, 2022
Page 3

Mr. Bourne also alleges violations of the Americans with Disabilities Act ("ADA"). ECF 2, at 1–2; ECF 15, at 3. Because he sues CVS, a pharmacy and place of public accommodation, it appears he is asserting a claim under Title III of the ADA. 42 U.S.C. § 12181(7)(F); *see J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669–70 (4th Cir. 2019) (describing Title III of the ADA's applicability to places of public accommodation); *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 n.1 (2001) (explaining Title I of the ADA relates to employment discrimination and Title II relates to services, programs, or activities of public entities).

Mr. Bourne's ADA claim fails as a matter of law for several reasons.

First, Mr. Bourne seeks damages in the amount of $29,999 for "emotional distress [and] pain and suffering." ECF 2, at 2. "[I]t is well established that Title III does not create a private cause of action for money damages." *Est. of Saylor v. Regal Cinemas, Inc.*, 54 F. Supp. 3d 409, 429–30 (D. Md. 2014) (citing *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 40 (1st Cir. 2006) (citing an "unbroken skein of cases [that] makes manifest that money damages are not an option for private parties suing under Title III of the ADA")).

Second, even if Mr. Bourne had sought injunctive relief under Title III of the ADA, he has not alleged the elements of the claim.

> To state a claim under Title III, a plaintiff must allege: "(1) that [he] is disabled within the meaning of the ADA; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) [that] defendant discriminated against [him] by denying [him] a full and equal opportunity to enjoy services provided at such place of public accommodation."

*Manley v. Threeths*, No. ELH-20-2005, 2021 WL 2015457, at *6 (D. Md. May 20, 2021) (quoting *Blue v. Cumberland Cnty.*, No. 5:14-CV-86-FL, 2015 WL 164722, at *2 (E.D.N.C. Jan. 13, 2015) (citing, *inter alia*, 42 U.S.C. § 12182(a) and *Camarillo v. Carrots Corp.*, 518 F.3d 153, 156 (2d Cir. 2008))).

Mr. Bourne alleges he is disabled and describes debilitating pain, although he does not identify the nature of his disability or the cause of his pain. The Court assumes, for purposes of this motion, that he has plausibly alleged he is disabled under the Act. *See Smith v. Walgreens Boots Alliance, Inc.*, No. 20-cv-5451-CRB, 2021 WL 391308, at *4–5 (C.D. Cal. Feb. 3, 2021) (explaining at what point pain results in a covered disability).

There is no dispute that CVS, Inc., is a place of public accommodation because it is a pharmacy. *See* 42 U.S.C. § 12181(7)(F). But as to the numerous individuals named in the original and amended complaints, he does not allege they own, lease, or operate the pharmacy. *See Manley*, No. ELH-20-2005, 2021 WL 2015457, at *6. What he does allege suggests they are pharmacists or pharmacist technicians who are CVS's agents, not owners or operators of the pharmacy who are in a position of authority and had the power and discretion to perform the allegedly

*Bourne v. CVS, et al.*
DLB-22-112
August 23, 2022
Page 4

discriminatory acts. *See Clement v. Satterfield*, 927 F. Supp. 2d 297, 314 (W.D. Va. 2013). Accordingly, any claim for injunctive relief against the individuals fails.

Mr. Bourne has not plausibly alleged the final element, that CVS discriminated against him by denying him a full and equal opportunity to enjoy its services. Whether a disabled plaintiff has been discriminated against by a place of public accommodation "'depends on [the] proper construction of the term discrimination' in the context of the case." *Nat'l Fed. of the Blind, Inc. v. Wal-Mart Assocs., Inc.*, 566 F. Supp 3d 383, 397 (D. Md. 2021) (quoting *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 681–82 (2001)). The statute sets forth a general prohibition on declining to provide goods, services, facilities, privileges, advantages, or accommodations on equal terms and in the most integrated setting possible to people with disabilities; using administrative methods that cause or perpetuate discrimination against people with disabilities; and discriminating against individuals associated with people with disabilities. 42 U.S.C. § 12182(b)(1). It also sets out specific prohibitions, which includes "a failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such" offerings. *Id.* § 12182(b)(2)(A)(ii).

Mr. Bourne alleges that he was "denied a reasonable accommodation . . . based on discrimination," ECF 2, at 1. But he does not identify the accommodation he requested, when he requested it, when the request was denied, or why the accommodation was necessary in light of his disability. He alleges he faced difficulty when obtaining his prescriptions, *id.* at 2; ECF 15, at 1, but he does not explain how the pharmacy's operation prevented him, by reason of his disability, from filling his prescriptions or fully accessing the pharmacy's services. *See* 42 U.S.C. § 12182(b)(1); *Gonzales v. H.E. Butt Grocery Co.*, 226 F. App'x 342, 344–45 (5th Cir. 2007) (affirming dismissal of a Title III ADA claim where the plaintiff did not argue "that he was denied access to the goods and services provided by [the defendant] because of his alleged disability"). He also asserts no facts that suggest CVS or its employees acted out of a desire to harm or exclude people with disabilities.

Finally, Mr. Bourne alleges he was retaliated against "for filing litigation or other factors." ECF 2, at 1; *see* ECF 15, at 1. The prima facie case for retaliation under the ADA requires a plaintiff show: "(1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012) (citing *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011)); *see Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1074 (8th Cir. 2006) (affirming judgment as to a Title III retaliation claim). Mr. Bourne alleges he filed "litigation," which the Court liberally construes as engaging in protected conduct, and he alleges he was banned from the CVS in Elkridge, Maryland, which the Court construes as an adverse action. *See Mershon*, 442 F.3d at 1074. But he does not plausibly allege facts from which the Court could infer a causal connection between "filing litigation" and his ban from the Elkridge CVS. Mr. Bourne does not allege who banned him from the store, whether that individual knew about his "filing litigation," or whether the ban occurred sufficiently close in time to "filing litigation" that

*Bourne v. CVS, et al.*
DLB-22-112
August 23, 2022
Page 5

causation may be inferred. He has not stated a claim for retaliation under the ADA. *See Ajuluchuku-Levy v. Schleifer*, No. 08 CV 1752(SJF)(AKT), 2009 WL 4890768, at *4 (E.D.N.Y. Dec. 15, 2009) (dismissing a Title III retaliation claim because the plaintiff failed to allege a plausible causal connection between protected activity and an adverse action).

Mr. Bourne's claims, as alleged in ECF 2, 15, and 18, are dismissed.

The defendants ask the Court to strike Mr. Bourne's notation of pending criminal charges, ECF 14, and the license numbers, ages, and home addresses of the CVS employees identified in the amended complaint, ECF 15, pursuant to Rule 12(f). That rule provides that a "court may," on its own or on a motion properly made by a party, "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). On a Rule 12(f) motion, the Court takes the allegations "in a light most favorable to the pleader" and will deny the motion "unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 611 (D. Md. 2018) (citations omitted). The motion to strike Mr. Bourne's notice of pending criminal charges is denied because the document is not a pleading and cannot be construed as one. *See, e.g.*, *Agbara v. Prince George's Cnty. Pub. Schs.*, No. TJS-20-306, 2020 WL 7425298, at *11 (D. Md. Dec. 18, 2020) (denying a motion strike an opposition brief under Rule 12(f) because an opposition is not a pleading); *Hardin v. Belmont Textile Machinery Co.*, No. 3:05-CV-492-M, 2010 WL 2293406, at * (W.D.N.C. June 7, 2010) (denying motion to strike evidence offered at summary judgment on the same grounds and citing *Pilgrim v. Trs. of Tufts Coll.*, 118 F.3d 864, 868 (1st Cir. 1997), *abrogated on other grounds by Crowley v. L.L. Bean, Inc.*, 303 F.3d 387 (1st Cir. 2002)). The motion to strike the individuals' license numbers, ages, and home addresses on page two of ECF 15, which is construed as an amended complaint, is granted because that personal identifying information is not relevant to the case. *See Hooks v. Saltgrass Ark.*, No. 4:21-cv-00841-KGB, 2022 WL 2541039, at *3 (E.D. Ark. July 7, 2022) (striking paragraphs containing personal addresses of litigants as "needless detail" in a counterclaim). Because the same personal information is mentioned on pages one through five of ECF 18, the Court will strike that information as well. The Clerk shall strike ECF 15 and 18 in their entirety and file in their stead redacted versions of those filings, Exhibits 1 and 2 to this letter.

To the extent Mr. Bourne's opposition, ECF 18, and surreply, ECF 22, may be construed as motions to strike the defendants' motion to dismiss and opposition, the motions are denied because the filings are not pleadings, and even if they were, they do not contain redundant, impertinent, or scandalous matters.

Finally, the Court denies the defendants' motion for attorneys' fees, costs, or sanctions. Mr. Bourne is self-represented, and the defendants have not shown that he has "abuse[d] the judicial process" to warrant the Court exercising its inherent power to sanction him for his conduct. *See Carmax Auto Superstores, Inc. v. Sibley*, 215 F. Supp. 3d 430, 438 (D. Md. 2016) (quoting *Chambers v. NASCO*, 501 U.S. 32, 44–45 (1991), *aff'd*, 730 F. App'x 174 (4th Cir. 2018).

*Bourne v. CVS, et al.*
DLB-22-112
August 23, 2022
Page 6

      Although informal, this letter is an Order of the Court and shall be docketed as such.

      Sincerely,

      Deborah L. Boardman
      United States District Judge